IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: Benjamin Dwight Walters and
       Jamie Michaele Walters              Case Number:

## **CHAPTER 13 PLAN**

The following is the Chapter 13 plan proposed by the above-named Debtor(s).  Hereinafter, the term "Debtor" shall be used, even if the case is a joint filing, and the use of the term "Debtor" should be construed to mean both the Debtor and the joint Debtor.  Failure to file a written objection in a timely manner constitutes acceptance of all the terms of the plan as filed, including, but not limited to, treatment of a claim.

**PLAN PAYMENT:**
1.  The plan proposes payments of $309.00 per month for a period long enough to satisfy the Debtor's obligations as outlined herein and to meet the applicable commitment period, but the plan shall not exceed 60 months in length except by order of the Court.  Except as otherwise provided in the confirmed plan or in the order confirming the plan, the Trustee shall make payments to creditors under the plan.  The Trustee shall only make payments to creditors with filed and allowed claims.  The manner of distribution to creditors is determined by the Chapter 13 Trustee unless otherwise clearly set out in the plan as confirmed.
2.  The plan payments shall commence within 30 days of the date that the petition is filed.
3.  Debtor elects to make plan payments by payroll deduction from an employer.  The following contact information is provided for said employer:

| Which debtor? | Employer | Employer address | Payroll frequency |
|---|---|---|---|
| Walters, Benjamin Dwight | Wal Mart | 702 SW 8th St Bentonville, AR 72716 | Bi-weekly |

In the event this employer pay should end for any reason, the Trustee is authorized and directed to request employer pay from spouse's employer, if available.
4.  Debtor acknowledges that the payment amount may have to increase due to claim amounts, modifications, or to otherwise comply with the plan and orders of the Court, and consents in advance to any payment increases necessary to properly fund the plan.

**FILING PROOFS OF CLAIM**
1.  The Trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. §502(c). However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor or the Trustee may file such claims as provided for by 11 U.S.C. §501(c), and in that event, such claim shall be deemed a claim for all purposes under the plan.

2. The Trustee shall mail payments to the address provided on the proof of claim <u>unless</u> the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant <u>until</u> a formal notice of assignment or transfer is filed with the Court.

**<u>ADMINISTRATIVE COSTS</u>**
1. Proposed preconfirmation attorney fees: $2,599.00
2. Pay Debtor's attorney as follows:
   a. If the debtor is owed a tax refund or any portion thereof on the date of filing, the debtor hereby assigns and transfers to attorney all interest in and to any claims for refunds of State and Federal income taxes overwithheld or overpaid during the relevant taxable year to the extent of attorney's fees. The undersigned agrees to deliver to assignee, Russell B. Cloon, any tax refund checks received for the taxable year. Assignee shall retain from such refund checks the amount of his unpaid fees for legal services rendered in this case, but not exceeding the above-mentioned fees. Assignee shall notify the Chapter 13 Trustee of the amount of such refunds and distribute any such refunds in excess of assignee's fee as directed by the Trustee. In the event the refunds are instead paid to the Trustee directly by the Debtor, the Trustee shall distribute the refund to the assignee in accordance with the terms of this subparagraph. In the event that the debtor fails to pay in the refund, attorney shall be paid in accordance with subparagraphs b, c and d.
   b. Attorney fees shall be paid as follows: 50% of all payments made by debtors, subject to the above, shall be paid toward attorney fees until paid in full.
   c. Post-confirmation additional attorney fees shall be paid as follows: 50% of all payments made by debtors, after receipt of the order granting such attorney fees, shall be paid toward the additional attorney fees until paid in full.
   d. In the event this case is dismissed or converted, Debtor's attorney fees shall be paid first out of funds available.
3. Filing fees: already paid $0; paid through plan $274.00

**<u>PAYMENT OF CLAIMS</u>**
The Trustee shall determine the amount and frequency of "fixed monthly payments" to secured claimants and holders of domestic support obligations.

**<u>PRIORITY CLAIMS</u>**
All claims and title to priority under 11 U.S.C. §§507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under §507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim. Tax claims shall be paid as filed unless the Debtor files an objection prior to the issuance of the order allowing claims. Federal and state tax returns required to be filed for the preceding 6 years have been filed.
   1. Current, Unassigned Domestic Support Obligations (as defined by §101(14a)):
      a) [] none.
      b) The names, addresses and phone numbers, including area code, of the

holder of any Domestic Support Obligation are listed below (pursuant to §112, the names of minor children are not disclosed):

| Name | Address | Phone # |
|---|---|---|
| Jeannette Walters | 2402 Old Highway 50 Ottawa KS 66067 | 785-418-2470 |

      c) Debtor shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 plan payments made to the Chapter 13 Trustee.
  2. Unassigned arrearages owed to DSO holders under §507(a)(1)(A):
      a) [] none.
      b) The names, addresses and phone numbers, including area code, of the holder of any Domestic Support Obligation are listed below (pursuant to §112, the names of minor children are not disclosed):

| Name | Address | Phone # | Est'd arrears claim |
|---|---|---|---|
| Jeannette Walters | 2402 Old Highway 50 Ottawa KS 66067 | 785-418-2470 | $3458 |

      c) Debtor shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 plan payments made to the Chapter 13 Trustee.
      d) Arrearages shall be paid through the plan at a fixed monthly payment.
  3. Arrearages owed to DSO holders assigned or owed to a governmental unit under §507(a)(1)(B):
      a) [x] none.
      b) The names, addresses and phone numbers, including area code, of the assignee of any Domestic Support Obligation are listed below (pursuant to §112, the names of minor children are not disclosed):

| Name | Address | Phone # | Est'd arrears claim |
|---|---|---|---|
|  |  |  |  |

      c) Debtor shall pay all post-petition DSO claims directly to the holder of the claim and not through the Chapter 13 plan payments made to the Chapter 13 Trustee.
      d) Arrearages shall be paid through the plan at a fixed monthly payment.
  4. Taxes and other priority claims:
      All priority creditors, other than as provided above, shall be paid pro rata after payment of all secured claims, DSO claims and administrative expenses.

| Name | Estimated claim | Basis for priority |
|---|---|---|
| Internal Revenue Service | $1100 | Income taxes |

**SECURED CLAIMS**
1. Residential home mortgages:
    [x] none.
2. Claims secured by personal property (The name, address, and the account number, if known, as contained in Schedule D, are incorporated herein by reference):
      a) [] none.

b) Claims secured by personal property which the Debtor intends to surrender pursuant to §1325(a)(5)(C):

    i) Debtor will surrender the following collateral not later than 30 days after the first date set for the meeting of creditors.  Any repossession/ foreclosure must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under §362(c).  Nothing herein is intended to lift any applicable codebtor stay, or to abrogate Debtor's state law contract rights.

    ii) If a deficiency claim is filed, it will be allowed provided the filer of the claim attaches documentation of commercially reasonable disposal of the property securing the debt, itemizing the allocation of proceeds of sale.

| Name of creditor | Collateral to be surrendered |
|---|---|
| Dell Financial | Personal computer (in possession of ex-wife) |
| | |

c) Claims secured by personal property which the Debtor intends to retain:

    i) The holder of such claim shall retain its lien until the earlier of (1) the payment of the underlying debt determined under non-bankruptcy law or (2) discharge under §1328.  If the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

    ii) Pre-confirmation adequate protection payments:

        A) All adequate protection payments to secured creditors required by §1326(a)(1) shall be made through the Chapter 13 Trustee.  Such payments shall be subject to the Trustee's percentage fee and shall be made in the ordinary course of the Trustee's business, from funds on hand as funds are available for distribution to creditors who have a filed claim.  A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in this paragraph.

        B) Adequate protection payments shall be equal to 1.5% of the amount of the allowed secured claim. The Trustee shall not be required to make any pre-confirmation adequate protection payments on account of any allowed secured claim with a secured value of less than $2000.

        C) No adequate protection payments will be made by the Trustee until the creditor has filed and has an allowed secured claim under §502(a) and §506.

        D) Pursuant to §1325(a)(5)(B)(iii)(II), debts secured by a purchase money security interest in the vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing, no adequate protection payments shall be made because depreciation of the property is irrelevant. In addition, because §506 does not apply, claims of this type shall not be allowed interest,

attorneys fees or costs. After confirmation of the plan, the Trustee will pay to the holder of each such claim the fixed monthly payment with no interest. (Note: mobile homes are not included. See 49 U.S.C. §30102).

E) Pursuant to §1325(a)(5), with respect to debts not subject to §1325(a)(5)(B)(iii)(II), any portion of the allowed claim that exceeds the value indicated will be treated as a non-priority general unsecured claim. After confirmation of the plan, the Trustee will pay to the holder of each such claim the fixed monthly payment with the appropriate discount rate.

F) Adequate protection payments will be made to the address noted on the proof of claim and the use of such address shall be deemed proper notice to the creditors for purposes of the adequate protection payments.

| Name | Collateral | Subject to ¶2(c)(ii)(D)? | Pay claim or value? | Estimated claim | Value of collateral |
|---|---|---|---|---|---|
| Gateway Computers | Personal computer | No | Value | $1344 | $100 |
| Wells Fargo Financial Kansas Inc | 1999 Chevrolet Blazer | Yes | Claim | $7000 | $7200 |

    d) Claims secured by personal property for which the Debtor intends to avoid the lien:

| Name | Collateral |
|---|---|
| None | |

### LONG-TERM DEBTS PURSUANT TO §1322(B)(5) AND EXCEPTED FROM DISCHARGE PURSUANT TO §1328(A)(1) AND SPECIAL CLASS UNSECURED CREDITORS

1. All prepetition arrearages, whether scheduled or unscheduled, will be paid 0% interest pursuant to §1322(e) unless otherwise ordered by the Court.

2. The following types of debts shall be paid through the plan by the Trustee after the completion of payments to the secured creditors and administrative expenses, except as indicated below. Any claim in the amount of $50 or less may be paid, to such extent, in full, in equal installments, or as the Trustee elects, rather than on a pro rata basis:

    i) NSF checks less than 2 years old shall be paid the face amount of the check + the service charge (up to the limit permitted by statute). Any amount of the claim filed which exceeds this shall be allowed as a general unsecured claim;

    ii) Unsecured debts with a nonfiling codebtor shall be paid in full at the contract rate of interest to protect the codebtor, and shall be paid pro rata along with secured creditors;

    iii) Nondischargeable student loans scheduled to be paid balance of plan payment, if any, after payment of other listed claims and costs of administration;

    iv) Nondischargeable student loans scheduled to be paid in full including interest;

    v) Nondischargeable student loans scheduled to be paid direct outside the plan.

However, any available funds for payment on general nonpriority unsecured debt shall be paid first to this class;
vi) Court fines and penalties shall be paid prior to secured creditors in order to prevent revocation of probation/parole or violation of diversion agreements.
vii) Other special class creditors are paid 100% and are paid after secured and priority creditors (except as otherwise noted).

| Name | Type of debt | Estimated claim |
|---|---|---|
| Franklin County District Court | 2vi | $150 |
| Ottawa Family Physicians | 2vii | $115* |
| Lawrence Otolaryngology | 2vii | $217 |
| William Burks, DDS | 2vii | $251 |

*Debtor proposes to pay this health-care provider in full through the plan to insure continuation of treatment.

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
1. Post petition payments on executory contracts and unexpired leases which are assumed shall be paid directly by Debtor.
2. Any prepetition arrearages shall be cured by payments made through the plan. Claims for such arrearages shall be paid pro rata with other secured creditors.

| Name | Property description | Assume or reject |
|---|---|---|
| RentWay | rent-to-own contracts on misc. furniture | Assume |

**NON-PRIORITY GENERAL UNSECURED CREDITORS**
General unsecured claims shall include all creditors holding unsecured nonpriority claims not otherwise designated as special class. Payment, if any, shall be on a pro rata basis unless otherwise indicated. All allowed claims of this class shall be paid in an amount under the plan which is not less than the amount that would be paid on such claims if the estate of the Debtor was liquidated under Chapter 7 on the date of the filing of the petition herein. In calculating the payments to creditors, there shall not be included payments made by the Trustee on any arrears for rent or house payments, payments made by the Trustee to the Debtor, or any payment made by the Trustee on post-petition debts. However, for the purposes of the liquidation analysis, there shall be included any payments for Debtor's attorney fees and payments on priority unsecured debts. Any general unsecured claim to be paid in the amount of $50 or less may be paid, to such extent, in full, in equal installments, or as the Trustee elects, rather than on a pro rata basis.

**401(K) LOANS**
1. 401(k) loans, if any, are not considered debts, pursuant to Section 523(a)(18), and shall continue to be paid direct outside the plan.
2. Loans secured by a 401(k) are not included in disposable income, pursuant to §1325(b), and shall be paid direct outside the plan.
3. The debtor does _____ does not _x___ have any 401(k) loans.

**GENERAL PROVISIONS**
1.  To receive payment from the Trustee, either prior to or following confirmation, including adequate protection payments, a creditor must file a proof of claim. Claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.
2.  Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.
3.  Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the Trustee, unless an itemized proof of claim for any deficiency is filed within 120 days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or released to another lien holder. Any unsecured deficiency shall be discharged upon discharge in this case or discharge in a conversion to Chapter 7.
4.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.
5.  Holders of secured claims may not impose late fees on amounts due after the date of filing on the basis that there was an arrearage owed as of the date of filing.
6.  The Court may from time to time during the period of the plan of repayment, increase or reduce the amount of any of the installments provided by the plan, or extend or shorten the time for payment where it shall be made to appear, after notice with opportunity for hearing, that the circumstances of the Debtor so warrant or require; provided, however, that nothing in the plan shall be construed to prevent the granting of a discharge of the Debtor as provided in §1328 of the Bankruptcy Code.
7.  The 60 months allowed for repayment of debts shall determine to be met when the Trustee receives the sum of money equal to the amounts he or she should have received in 60 months as provided by the plan, or as the plan may be amended from time to time.
8.  The valuations shown above will be binding unless a timely objection to confirmation is filed. Unless the creditor timely files an objection to the plan, the amount of the claim as shown in the plan shall control. Adequate protection disbursements shall begin within 30 days after a legible executed proof of claim, complete with all documentation necessary to establish the nature and extent of the claimed lien and the creditor's entitlement to adequate protection payments, is filed with the Court and served on the Trustee, the Debtor, and the Debtor's counsel.
9.  It shall be understood that, during the course of this plan, the Debtor may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the Debtor is in full compliance with terms of the plan. After the payment of administrative expenses in accordance with the distribution guidelines, monthly disbursements on secured claims may increase. Consequently,

payments on secured claims pursuant to this plan shall not be "periodic" in nature.
10.  Any creditor who is to be paid direct outside the plan under the terms of the plan shall not be deemed to have violated the automatic stay by continuing to send normal monthly billing statements to the Debtor.  Debtor requests that any such creditor continue to send normal monthly billing statements, and will not file any motion for sanctions on the basis of same.


Dated: 7/27/06

 s/ Benjamin D. Walters_____
                        Debtor


 s/ Jamie M. Walters_____
                Joint Debtor (if applicable)